UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

BRANDON D. JENKINS,

    Defendant.

Case No.  CR20-5373 BHS

DETENTION ORDER

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Section 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person and the community; and the defendant is likely to fail to appear for court proceedings. The defendant is charged with Possession with Intent to Distribute Controlled Substances – methamphetamine, 50 grams or more; and heroin, 100 grams or more -- under 21 U.S.C.  Sections 812, 841(a)(1) and 841(b)(1)(B) and Title 18 U.S.C. §2. Indictment, Dkt. 1.

The government filed a motion for detention, noting that a presumption of detention applies: 18 U.S.C. § 3142(e)(3), Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.). Dkt. 11.

The Court considered the documents in the record, the information presented by counsel and by U.S. Pretrial Services Officer Halvorson, and the arguments presented at the hearing. During the hearing, the defense proposed that Mr. Jenkins' residence would be in a home owned by his girlfriend's grandmother. He would live there with his girlfriend, her 6-year-old and 10-year-old daughters, his girlfriend's grandmother (who would also serve as third party custodian), and his girlfriend's grandfather, in Aberdeen, Washington. See Dkt. 5, Pretrial Services Report at 2. Pretrial Officer Halvorson stated during the hearing that the defendant's girlfriend, Ms. Olson, has a history of drug use with the defendant.

The Court finds: The government met its burden of proving by a preponderance

of the evidence that the defendant presents a significant risk of failure to appear. The government also met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to others and to the community, and there are no condition or combination of conditions which defendant can meet that will reasonably assure the safety of any other person and the community, or the appearance of the defendant.

The Court determined, based on the defendant's history of repeated criminal conduct concerning assault, domestic violence, weapons, and controlled substances (domestic violence conviction in 2014 and a pending charge of domestic violence assault in 2020; assault convictions in 2013, 2014, and 2018; controlled substances conviction in 2014; unlawful weapons conviction in 2014) that Mr. Jenkins has engaged in violent assaults, domestic violence, and has failed to follow conditions of court-ordered supervision -- before trial, and post-conviction. Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate Mr. Jenkin's potential destructive behavior; and his criminal record shows that he has not demonstrated law abiding behavior in the community. His threat to the community continues and the record shows his behavior cannot be successfully controlled, even considering his ties to the community and the proposed residence for pretrial release.

He was incarcerated on violations of the conditions supervised release from Washington State Department of Corrections, and was released from DOC on the federal detainer concerning the offense alleged in the current federal Indictment, Dkt. 5 at 4. In addition, he has failed to appear on numerous occasions for proceedings in state court. Dkt. 5, Pretrial Services Report, at 3-4. Mr. Jenkins is likely a danger to the community and the proposed residential placement (including the defendant's proposal that there may be a possibility of a placement – temporarily – in a residential re-entry

center) would not ensure his compliance with conditions of release. Nor would it reasonably ensure that he would appear for this Court's proceedings, regardless of the availability of GPS monitoring and other means of intensive supervision. Mr. Jenkins has substantial ties to the community – he has lived in Washington State for many years and has friends who are willing to support him and provide housing, yet the proposed placement does not appear to be stable or reliable in terms of regulating his ability to control his behavior at this time.

The Court weighed the defendant's evidence showing that he has friends who love and support him. Yet the Court finds that Mr. Jenkins has not overcome the presumption of detention that applies in this case.
This finding is based on:
 1) the nature and circumstances of the offense(s) charged,
2) the weight of the evidence against the person;
3) the history and characteristics of the person;
4) criminal history;
5) history of failure to appear and follow court orders concerning conditions of
      supervision; and
6) the nature and seriousness of the danger release would impose to any person or the
      community. includes repeated violent assaults; domestic violence; and unlawful
      possession and intent to distribute controlled substances.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated this 11th day of September 2020.

*Theresa L. Fricke*

Theresa L. Fricke
United States Magistrate Judge